IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 09-230-S |
| v. | ) |
| | ) |
| CORPORATE RECEIVABLES, INC | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Bryan Gordon respectfully requests that the Court enter an order providing that this Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq., "FDCPA") action may proceed on behalf of a class against defendant Corporate Receivables, Inc. ("CR")  The class consists of: (a) all natural persons with addresses in Rhode Island, Massachusetts, Maine, New Hampshire or Puerto Rico (b) to whom defendant sent a letter in the form represented by Exhibit A, (c) which letter was sent on or after a date one year prior to the filing of this action,  (d) and was not returned by the postal service.

### NATURE OF THE CASE

In support of this motion, plaintiff submits the accompanying memorandum of law, and briefly summarizes that this action complains that CR's form letter represented by  Exhibit A violates the FDCPA because it improperly states that the consumer must dispute the debt "in writing, within thirty days after receiving this notice."  In fact, 15 U.S.C. §1692g(a)(3)[1] contains

---

[1] **15 U.S.C. § 1692g.     Validation of debts   Notice of debt; contents**
**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
          (1)     the amount of the debt;
          (2)     the name of the creditor to whom the debt is owed;

no requirement that a consumer dispute the validity of a debt in writing, although §1692g(a)(4) and (5) contain provisions that require the debt collection to provide verification of the debt, judgment and/or original creditor if the consumer chooses to send a written dispute.

The Ninth Circuit has explicitly held, in <u>Camacho v. Bridgeport Fin., Inc.</u>, 430 F.3d 1078, 1080 (9th Cir.2005), that a debt collector's letter violates the FDCPA when it states that disputes regarding the validity of debts must be in writing, holding that "we must give effect to the plain meaning of the statute."  Similarly, in <u>Brady v. Credit Recovery Co., Inc</u>., 160 F.3d 64 (1st Cir.1998), the First Circuit undertook the same type of statutory analysis with § 1692e(8) of the FDCPA, stating that "[t]he fact that other sections of the FDCPA--like § 1692g(b)--explicitly impose a writing requirement suggests that Congress's omission of such a requirement in § 1692e(8) was not inadvertent." <u>Id.</u> at 66-67.

---

        **(3)**      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

        **(4)**      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

        **(5)**      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**Disputed debts**

    **(b)** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**Admission of liability**

    **(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

## CLASS CERTIFICATION REQUIREMENTS

The class in this case is so numerous that joinder of all members is impracticable. According to CR's Dunn & Bradstreet report, it employs more than 85 persons and has revenues of $9 million per year and it is reasonable to extrapolate that it sent this standard form letter on behalf of its clients to more than 40 persons in Rhode Island, Massachusetts, Maine, New Hampshire or Puerto Rico in the year before this lawsuit was commenced.  *See,* Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (First Cir. 2009), *citing to* Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir.2001) ("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.")

There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The principal common question is whether the letter in the form represented by Exhibit A violates the FDCPA.  There are no individual issues, other than identification of class members.  The class members can be easily identified by reviewing CR's records.  Plaintiffs' claims are typical of the claims of the class members.  All are based on the same facts (sending of the specified form letter) and legal theory (violation of the FDCPA).  Plaintiff will fairly and adequately represent the class.  Plaintiff has retained counsel experienced in class actions and debt collection claims.  A class action is superior to other alternative means for resolution of this controversy, in that:

    a.    Congress specifically contemplated class actions as the principal means of securing compliance with the FDCPA.

    b.    Classwide damages are necessary to induce defendants to comply with the

law.

c. Most of the affected individuals are unaware of the violation, making a class action essential.

**WHEREFORE,** Plaintiff prays that the Court certify a class as outlined above. In support of this motion, plaintiff submits the accompanying memorandum of law.

          **BRYAN GORDON,**
          **By his Attorney,**

          **/s/<u>Christopher M. Lefebvre</u>**
          **# 4019**
          **LAW OFFICES OF CLAUDE**
          **LEFEBVRE & SONS**
          **P.O. Box 479**
          **Two Dexter Street**
          **Pawtucket, RI  02862**
          **(401) 728-6060**
          **(401) 728-6534 (FAX)**
          **chris@lefebvrelaw.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **BRYAN GORDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  C.A.  09-0230-S |
| v. | ) |
| | ) |
| **CORPORATE RECEIVABLES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## **CERTIFICATION**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 9, 2009.

                                        /s/Christopher M. Lefebvre

| | |
|---|---|
| CORPORATE RECEIVABLES, INC. | CORPORATE RECEIVABLES, INC. |
| Agent for Service of Process | 3003 North Central Avenue |
| National Registered Agents, Inc. | Suite 320 |
| 222 Jefferson Blvd., Suite 200 | Phoenix, Arizona 85012 |
| Warwick, RI 02888 | |

S:\WPFILES\CLASSACT\Gordon v. Corporate Receivables\Motion for Class Cert.wpd