UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRYAN GORDON      :
      :
  v.      :  C.A. No. 09-230S
      :
CORPORATE RECEIVABLES,      :
INC.      :

## MEMORANDUM AND ORDER

Plaintiff Bryan Gordon filed a Class Action Complaint against Defendant Corporate Receivables, Inc. alleging a violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. In particular, Plaintiff alleges that Defendant, a debt collector, sent a "form" debt collection letter to him which violated 15 U.S.C. § 1692g(a)(3) because it provided that he could only "dispute the validity of the debt" in writing. Complaint, ¶¶ 5-11. Plaintiff seeks to pursue this FDCPA claim on behalf of himself and a class consisting of (a) all natural persons with addresses in Rhode Island, Massachusetts, Maine, New Hampshire or Puerto Rico; (b) to whom Defendant sent the form debt collection letter in dispute; (c) which letter was sent on or after a date one year prior to the filing of this action, i.e., on or after May 18, 2008; (d) and the letter was not returned by the Postal Service. Id., ¶ 14.

Pending before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiff's Motion for Class Certification (Document No. 3) pursuant to Fed. R. Civ. P. 23.[1] A hearing was held on January 15, 2010. For the reasons summarized below, Plaintiff's Motion is GRANTED.

**Discussion**

---

[1] Defendant has not filed a responsive pleading to Plaintiff's Complaint and has not otherwise appeared or opposed Plaintiff's pending Motion for Class Certification. Plaintiff has moved for entry of default against Defendant under Fed. R. Civ. P. 55(a) due to its failure to plead or otherwise defend. (Document No. 6).

The burden is on Plaintiff to establish that the requirements for class certification are satisfied. Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 614 (1997). In reviewing a motion for class certification, the court does not address the merits of the legal claim presented. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-178 (1974).

Under Fed. R. Civ. P. 23(a), a proposed class can only be certified if (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law and/or fact; (3) the representative plaintiff's claim is typical of the claims of the class; and (4) the representative plaintiff will fairly and adequately protect the interests of the class. In addition, the proposed class must fall within one of the types of class actions described in Fed. R. Civ. P. 23(b). In this case, Plaintiff contends that all of the Rule 23(a) prerequisites are satisfied and that this case constitutes a Rule 23(b)(3) class because common questions of law and/or fact predominate over questions affecting only individual members and a class action is superior to other available methods of resolving this controversy.

1.     **Numerosity – Rule 23(a)(1)**

"Precise enumeration of the members of the class is not necessary." Bond v. Fleet Bank (RI) N.A., C.A. No. 01-177L, 2002 WL 31500393 (D.R.I. Oct. 10, 2002) (citing McCuin v. Sec'y of HHS, 817 F.2d 161, 167 (1st Cir. 1987)). Plaintiff contends that, given the size of Defendant's operation and the nature of the computer-generated, form debt collection letter in question, it is reasonable to conclude that the letter was sent, during the relevant time period, to at least forty individuals residing within the states and territory comprising the First Circuit. (Document No. 4 at pp. 6-8). Although Defendant has not appeared in this case, Plaintiff served his Motion for Class Certification on Defendant, as well as a Request for Admission that the form debt collection letter

in question was sent to at least 100 individuals. (Pl.'s Ex. 1). Plaintiff represents that Defendant has not responded to its Request and thus contends that it is deemed admitted under Fed. R. Civ. P. 36(a)(3).

In <u>Ingram v. Corporate Receivables, Inc.</u>, No. 02-C-6608, 2003 WL 21982152 at *2 (N.D. Ill. Aug. 19, 2003), the Court recognized that a "plaintiff can offer good faith estimates of class size if the specific number of class members may be difficult to assess," and that it may use "'common sense assumptions' to determine the validity of those estimates." In this case, Plaintiff's representation that the form debt collection letter in question was likely sent to at least forty persons in the relevant jurisdictions and during the time period covered by the proposed class is supported and reasonable. <u>See</u> <u>Lucas v. GC Servs., L.P.</u>, 226 F.R.D. 337, 340 (N.D. Ind. Feb. 15, 2005) (indicating that Courts have found that it is reasonable to assume the number of potential class members satisfies the numerosity requirement when the defendant allegedly used standardized debt collection letters). By not responding to Plaintiff's Request for Admission, Defendant has effectively admitted that the class is sufficiently numerous and that admission is bolstered by the nature of the form debt collection letter in question and the fact that Defendant's client identified on the debt collection letter sent to Plaintiff (HSBC Bank Nevada N.A.) is a national credit card issuer. <u>See</u> Document No. 1-2. Accordingly, the numerosity element is satisfied.

### 2.    Commonality – Rule 23(a)(2)

This element is easily met. Plaintiff's claim is that a standardized, form debt collection letter on its face violates the FDCPA, specifically 15 U.S.C. § 1692g(a)(3). Thus, the factual and legal issues are the same for each potential class member – did they receive the form debt collection letter

during the relevant time period? And, does such letter on its face violate the FDCPA? Accordingly, the commonality element is satisfied.

### 3. Typicality – Rule 23(a)(3)

Since there appears to be absolutely no discrepancy between Plaintiff's FDCPA claim and the claims of the proposed class members, the typicality element is also easily satisfied. See Gonzales v. Arrow Fin. Servs., LLC, 489 F. Supp. 2d 1140, 1156 (S.D. Cal. 2007) ("typicality [in an FDCPA case] is sufficiently established if the class representative received the same collection letters as the class members").

### 4. Adequacy of Representation – Rule 23(a)(4)

Rule 23(a)(4) requires that the representative plaintiff will fairly and adequately protect the interests of the class. "This encompasses two factors for consideration: (a) the representative plaintiff's interests are not antagonistic to the class she seeks to represent, and (b) that the class will be represented by qualified counsel." Bond, supra at *7.

Both of the prongs are satisfied. First, Plaintiff is a member of the class he seeks to represent, and presents the same FDCPA claim as other potential class members. Second, Plaintiff's counsel is a highly experienced consumer protection lawyer who asserts that he has been "involved in at least twenty class action cases filed predominantly in Federal Court" and has "never been disqualified or found to be unsuitable as a class attorney in any class action case." (Document No. 5, ¶¶ 2-4). Accordingly, the adequacy of representation element is satisfied.

### 5. Rule 23(b)(3) Requirements

Rule 23(b)(3), Fed. R. Civ. P., also requires that (1) questions of law or fact common to the class predominate over individual questions; and (2) a class action is superior to other available

methods for the fair and efficient adjudication of the dispute. Since Plaintiff's FDCPA claim focuses on the legality of the standardized contents of a form debt collection letter, the factual and legal issues flowing from that letter predominate over any potential individual issues of class members. See Lucas, 226 F.R.D. at 342.  Also, a class mechanism to resolve these disputes is superior to other methods given the clear commonality of claims and the cost-sharing efficiencies of aggregating individual claims which each have a relatively limited potential recovery into a collective action. Id.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Class Certification (Document No. 3) is GRANTED as to the proposed class described in paragraph 14 of the Complaint.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 27, 2010